UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

| | | |
|---|---|---|
| In re | : | Case No. 09-15445 (AJG) |
| YL WEST 87TH HOLDINGS I, LLC, | : | Chapter 11 |
| Debtor. | : | |

------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF THE UNITED STATES TRUSTEE TO DISMISS THIS CASE**

**TO: THE HONORABLE ARTHUR J. GONZALEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), by and through her counsel, respectfully submits this memorandum in support of this motion pursuant to 11 U.S.C. § 1112(b) for an order dismissing this case. In support thereof, the United States Trustee represents and alleges as follows:

**Preliminary Statement**

This voluntary Chapter 11 case of the debtor, YL West 87th Holdings I, LLC (the "Debtor"), should be dismissed. Because the Court has granted a motion to lift the automatic stay, permitting the prosecution of a foreclosure action as to the Debtor's sole asset, there has been a substantial loss to the estate, and there is no likelihood of rehabilitation.

1

**Statement Of Facts**

On September 9, 2009, the Debtor commenced the instant case by filing a voluntary Chapter 11 petition (Declaration of Serene K. Nakano ("Nakano Dec."), Exh. A, ECF No. 1). The Debtor's sole asset consisted of its 100% membership interest in YL West 87th Street, LLC ("West") (id., Exh. B at 2). West purchased certain real property located at 101 West 87th Street, New York, New York (thte "Property") in order to convert it into a condominium (the "Project") (id.). To fund the Project, the Debtor obtained, among other things, a $20 million mezzanine loan (the "Mezzanine Loan") from Column Financial, Inc. ("Column") secured by a collateral pledge of the Debtor's only asset, its 100% membership interest in West (the "Collateral") (id. at 2-3). Column assigned the Mezzanine Loan to Garrison Special Opportunities Fund LP ("Garrison") (id. at 3). After the Debtor failed to pay its monthly payment on the Mezzanine Loan due for May 2009, Garrison notified the Debtor that it had committed an event of default under the Mezzanine Loan agreement (id. at 4). On September 9, 2009, the Debtor filed an emergency motion in state court seeking a preliminary injunction to stay the foreclosure sale (id.). The state court conditioned the granting of a temporary restraining order on the Debtor's posting of a $20 million bond (id.). The Debtor failed to post the bond and instead filed its Chapter 11 petition (id. at 5).

On September 14, 2009, Garrison filed a motion for relief from the automatic stay (the "Lift-Stay Motion") to enforce its security interest in the Collateral pursuant to the Mezzanine Agreement (id., ECF No. 2). After an evidentiary hearing, the Court issued a decision on January 13, 2010 granting the Lift-Stay Motion (id., Exh. B). Among other things, the Court found that "the Debtor failed to meet its burden of proof under section 362(d)(2) in showing that the Collateral is essential for an effective reorganization" (id. at 36) and "the Debtor has failed to meet its burden in proving that there is any likelihood of an effective reorganization pursuant to 11 U.S.C. § 362(d)(2)" (id.). On January 21, 2010, an order was entered granting the Lift-Stay Motion (id., Exh. C).

**ARGUMENT**

**THIS CASE SHOULD BE DISMISSED**

A.  **General Standards**

Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), provides that, on request of a party in interest, and after notice and a hearing, the Court may for cause either convert a Chapter 11 case to a case under Chapter 7 or may dismiss a case, depending upon which is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b). The Bankruptcy Code describes a number of factors, any one of which may constitute "cause" for either the conversion of a Chapter 11 case

3

to a Chapter 7 case or the dismissal of a Chapter 11 case in its entirety.  See 11 U.S.C. § 1112(b)(4).  Among other things, "cause" includes:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

Id. § 1112(b)(4)(A).

Bankruptcy courts have discretion in deciding whether to dismiss or convert.  In re State St. Assocs., 348 B.R. 627, 638 (Bankr. N.D.N.Y. 2006); In re TCR of Denver, LLC, 338 B.R. 494, 500-01 (Bankr. D. Col. 2006); In re Tornheim, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995), appeal dismissed, 1996 WL 79333 (S.D.N.Y., Feb. 23, 1996); In re Gucci, 174 B.R. 401, 410 (Bankr. S.D.N.Y. 1994).  While the burden of showing cause rests with the moving party, Tornheim, 181 B.R. at 164, that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in Section 1112(b) or by showing other cause.  TCR, 338 B.R. at 500 (reasoning that 2005 amendment retained the prefatory language "includes" in setting forth its illustrations of "cause"); State St., 348 B.R. at 639 n.24 (while the list of examples of cause has changed in the 2005 amendment, the fact that they are illustrative, not exhaustive has not).

B. **Cause Exists To Dismiss This Case**

Cause exists to dismiss this case.  Where, as here, the Court has granted the Lift-Stay Motion permitting Garrison to

foreclose upon the Debtor's only asset, there has been a substantial loss to the estate and an absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).[1] See In re Prosser, 2008 WL 5422879, at *3 (D. Virgin Islands June 6, 2008) (Bankruptcy Court did not abuse discretion in finding cause existed under Section 1112(b)(4)(A) where cooperation of non-debtor spouse in formulating plan was necessary, but spouse failed to cooperate); In re Pinnacle Laboratories, Inc., 2008 WL 5157981, at *3 (Bankr. D.N.M. June 19, 2008) (finding cause existed under Section 1112(b)(4)(A) where debtor suffered declining assets and substantial continuing losses, could not fund a plan and could not pay creditors from current or future income); In re Gateway Access Solutions, Inc., 374 B.R. 556, 563-64 (Bankr. M.D. Pa. 2007) (cause existed under Section 1112(b)(4)(A) where there was sharp decline in debtor's cash position and no factual basis to support debtor's principal's testimony that debtor could reorganize).

C. **This Case Should Be Dismissed**

If -- as it should -- the Court finds there is "cause" under Section 1112(b), the Court must then decide whether it is in the best interests of creditors to dismiss the case, or to

---

[1] In addition, the Debtor has failed to file any monthly operating reports (Nakano Dec., Exh. A). This failure constitutes additional cause to dismiss this case. 11 U.S.C. § 1112(b)(4)(5) (unexcused failure to satisfy timely any filing or reporting requirement established under Title 11).

convert it to a Chapter 7 case. In re FRGR Managing Member LLC, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009); In re Hampton Hotel Investors, L.P., 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001). Here, because Garrison is presumably pursuing a foreclosure of the Debtor's sole asset in state court, this Office recommends that the case be dismissed.[2]

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this case, and granting such other and further relief as may be deemed just and proper.

Dated:   New York, New York
         September 20, 2010

>                               Respectfully submitted,
>
>                               TRACY HOPE DAVIS
>                               UNITED STATES TRUSTEE
>
>                         By:   _/s/ Serene K. Nakano_
>                               SERENE K. NAKANO
>                               Trial Attorney
>                               33 Whitehall Street, 21st Floor
>                               New York, New York 10004-2112
>                               (212) 510-0505

---

[2] The Court must also commence the hearing on the motion not later than 30 days after the filing thereof, and decide the motion not later than 15 days after the commencement of the hearing, unless the United States Trustee consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting these time limits. 11 U.S.C. § 1112(b)(3). To the extent that more than 30 days elapse between the time the motion is filed and the date the court may first hear it, the United States Trustee hereby consents to a continuance under Section 1112(b)(3).